**FARMERS' LOAN & TRUST CO. v. TOLEDO, P. & W. RY. CO. et al.**

**PEORIA & P. UNION RY. CO. v. TOLEDO, P. & W. R. CO.**

Circuit Court of Appeals, Seventh Circuit. April 17, 1929.

Rehearing Denied May 27, 1929.

No. 4106.

E. E. Horton, of Peoria, Ill., for appellant.

J. M. Elliott, of Peoria, Ill., for appellee.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

ALSCHULER, Circuit Judge (after stating the facts as above). ▮ Respecting the jurisdiction of the court, we have no doubt that the court had jurisdiction to determine whether the track was of parcel A or parcel H. Under the jurisdiction reserved in the decree, the court had power to render its decree effective by determining in the foreclosure proceeding, as between different purchasers directly or indirectly under the decree, the scope of the parcel boundaries which the decree itself established.

Upon this controversy it is not important what were the conversations and negotiations between McNear and the Union Co. leading up to McNear's assignment to Union Co. of his interest in parcel H. Whether he agreed or promised to convey more than was actually included in that parcel as consideration in part of what was to be paid is not here material. Whether through inadvertence or fraud or mistake Union Co. did not receive from or through McNear all that it bargained for is not a question which properly arises in this intervention in the foreclosure proceeding, nor is it sought to be raised by the petition and answer. What is included in parcel H in no wise here depends on what McNear or T. P. & W. had said and done respecting the track. The decree created and defined the "parcels," and, from the decree itself, as applied to the property, it must be determined what the respective parcel designations comprise.

There was much evidence of transactions and conversations between McNear and others and the representatives of Union Co., and of earlier transactions by T. P. & W., respecting this track; but there is not here involved any question of reformation of conveyances, or the equitable consequences of representations or promises by McNear.

▮ Under the circumstances here appearing, is this track to be considered as incidental to, and so included within, parcel A? We cannot see upon what theory this track can be regarded as an incident to the T. P. & W. main track, and thereby included in parcel A. Union Co. had a large track interest there—its own as well as those under lease. When it constructed this switch track, it was quite as much an incident to tracks of Union Co. as it was to T. P. & W., and not less to the Burlington, with whose tracks it connected, than to either of the others. It assumes too much to say it was exclusively incident to one of these three railroads, and may be given over to appellee to the exclusion of the company which built it and, for a considerable part of it, secured to itself the right of way.

The fact that the track may be highly useful to appellee is beside the question. It is doubtless useful also to Union Co. and the Burlington in making connection with each other as well as with appellee's track.

Before the lease, this track did not exist, nor any other track of which it may be said to be a variation or a substitution or reconstruction. In the rearrangement of tracks in Water street pursuant to the ordinance, this track for the first time came into existence. The plat attached to the ordinance first made provision for this track, and it was constructed accordingly upon a right of way which, in part, was for the first time granted to Union Co., to which the ordinance gave permission to make this construction, partly in Water street. Union Co. built it as a part of its system, composed of trackage of its own and that leased from other roads, including T. P. & W., paid for the track, and used it for the purposes for which it was constructed. Upon the termination of the T. P. & W. lease, we can see no more reason why so much of the track as was in Water street should become part of the T. P. & W. property, than why it should become part of the Burlington property, with tracks of which it likewise connected. It was laid at Union Co.'s expense, on a right of way granted to Union Co., and, so far as concerns this foreclosure, the track in Water street never became subject to the mortgage, and did not pass under the foreclosure.

Respecting so much of the track as is upon lots 1 and 2, the situation is wholly different. Portions of lots 1 and 2 are described as constituting a part of parcel A. While the particular parts are not definitely described, there is no pretense that they belonged to Union Co. The record shows no

title in Union Co. to any parcel in lots 1 and 2. We think it is fairly inferable from the record that the parcels of these lots whereon the track is laid did belong to T. P. & W. and so passed as included in parcel A.

This being so, it follows that the decree of the District Court is correct as to so much of the track as is laid on said lots 1 and 2, but is erroneous as to the rest of the track in controversy, and as to this relief should be denied to appellee.

The decree is reversed, and the cause is remanded, with direction to reform the decree, and to enter a decree in accordance with the foregoing views.